# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

WILMA J. THOMPSON,                          :

       Plaintiff,                              Case No. 3:07CV439

vs.                                         :

                                 District Judge Walter H. Rice

GERMANTOWN CEMETERY, *et al.*,   :          Magistrate Judge Sharon L. Ovington

       Defendants.                     :

# REPORT AND RECOMMENDATION

Following remand to the state court in which Plaintiff originally filed her complaint (*see* Docs. ##18, 19), this matter is back before the Court on Plaintiff's motion for attorney fees related to Defendants Village of Germantown, Ohio's and German Township Board of Trustees' failed removal to this Court. (Doc. #21). Also before the Court are Defendants' opposing memorandum (Doc. #23) and notice of supplemental authority (Doc. #24), and Plaintiff's reply (Doc. #25), as well as the record as a whole.

## I.   INTRODUCTION

On or about March 22, 2007, Plaintiff filed her original complaint in the Montgomery County Court of Common Pleas against Defendants Germantown Cemetery ["the Cemetery"] and Attorney General of Ohio.[1] (*See* Doc. #2). Plaintiff

---

[1] The Attorney General was dismissed as a party prior to removal. (*See* Doc. #1, Exh. 8). As a result, references *infra* to "Defendants" collectively refer only to remaining Defendants, and not the Attorney General.

subsequently amended that complaint in October of 2007, adding the German Township Board of Trustees ["the Trustees"] and the Village of Germantown, Ohio ["the Village"] as new Defendants. (*See* Doc. #3).

On November 15, 2007, the Trustees and the Village filed a notice of removal to this Court, stating that Plaintiff's amended complaint "attempts to assert constitutional claims invoking federal question jurisdiction under 28 U.S.C. § 1331." (Doc. #1 at 1). Specifically, said Defendants pointed to Plaintiff's contention that any limitation imposed by Ohio Rev. Code § 2744.05(C) on the amount of damages recoverable on her state law claims for breach of contract and intentional infliction of emotional distress "violates the [E]qual [P]rotection and [D]ue [P]rocess [C]lauses of the United States and Ohio Constitutions." (*Id.*, quoting Doc. #3, ¶29). Additionally, Defendants construed Plaintiff's claim for attorney's fees to have been made "under 42 U.S.C. § 1998." (*Id.*). The removal notice explicitly stated that the Cemetery, as the only other remaining Defendant, also "consents to the removal of this action." (*Id* at 2).

Plaintiff promptly moved to remand the matter to state court, arguing that because her state law claims "d[id] not arise out of the Constitution or a law or treaty of the United States," federal question jurisdiction did not exist and removal was improper. (Doc. #8). Although all three remaining Defendants vigorously opposed that remand request (*see* Docs. ## 6, 9), this Court determined that because Plaintiff's federal constitutional challenge "will not arise until Plaintiff prevails on the merits of her state-law claims and [then only if] she obtains an award" exceeding the statutory cap, no

"genuine and present" federal question was implicated by her amended complaint. (Doc. #18 at 6-7). Accordingly, this matter was remanded to the Montgomery County Court of Common Pleas by judgment dated July 22, 2008. (Docs. ## 19, 20).

Plaintiff filed the instant motion on November 20, 2008,[2] seeking attorney fees for her counsel's expenditure of time attributable to the removal and the efforts needed to return this case to the proper forum. (Doc. #21). Attached to her motion is a copy of an itemized invoice reflecting 4.25 hours of professional services for a total of $752.50. (*Id.* at Exh. A).[3] Plaintiff urges that an award of attorney fees in that amount is warranted due to Defendants' unreasonable attempt to parlay her state law claims into federal constitutional and civil rights challenges.

Defendants oppose Plaintiff's fee request, implying that Plaintiff's motion was posed simply as a delaying tactic. (*See* Doc. #23 at 1-5). Further urging that their own removal of this case "was premised on existing law, good faith intentions, and an objectively reasonable belief that Plaintiff [had] pled federal causes of action" (*id.* at 3), Defendants argue that their conduct in removing the case "is not sanctionable." (*Id.* at 5). They also suggest that time expended by Plaintiff's counsel in complying with

---

[2]Plaintiff's motion attributes the nearly four-month lapse between the remand and her fee request to her purported failure to receive notice of the remand decision. (*See* Doc. #21 at 2-3).

[3]Although Plaintiff's motion is titled as one for "costs and fees," the supporting documentation reflects no "costs." (*See id.*).

3

federal court pretrial procedures was not "counterproductive." (*Id.*).[4]  Additionally, in a separately-filed "notice of supplemental authority" [sic], Defendants deem it "prudent" to apprize the Court of another motion for sanctions brought by Plaintiff against these Defendants in the state court action. (*See* Doc. #24 at 1 & attached memorandum).[5]

In reply, Plaintiff contends that Defendants' "pages of extraneous arguments" have no bearing on the appropriateness of an award of fees for what Plaintiff continues to maintain was the "improper removal" of this action. (Doc. #25 at 1). Citing Supreme Court precedent alleged to establish the baselessness of Defendants' removal attempt, Plaintiff asks the Court to award the requested fees. (*Id.* at 2-3).

## II. APPLICABLE LEGAL STANDARDS

The federal statute on which Plaintiff's motion relies provides that where a removed case has been remanded to state court, the remand order "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Interpreting this provision, the United States Supreme Court held that "absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Martin v.*

---

[4] Although not clearly articulated in Defendants' opposing memorandum, the Court infers this argument to suggest that any award to Plaintiff should be reduced by the amount as to which counsel's expenditure of time in the federal proceedings could yield some benefit in the state court action as well – an amount which Defendants seem to suggest totals $120.00. (*See* Doc. #23 at 5).

[5] Defendants' opposing memorandum already had referenced the same sanctions motion pending in state court (*see* Doc. #23 at 1), and a motion pending in state court does not qualify as "supplemental authority." As the state court proceedings are wholly irrelevant to Plaintiff's motion for attorney fees herein, references to any motions pending there have not influenced this Court's consideration of the issue at hand.

*Franklin Capital Corp.*, 546 U.S. 132, 136, 126 S. Ct. 704, 708 (2005). Expanding on that holding, the Court advised that "[t]he appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Id.* at 140, 126 S. Ct. at 711. Accordingly, "the standard for awarding fees should turn on the reasonableness of the removal," and courts ordinarily should award fees under § 1447(c) "only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.* at 141, 126 S. Ct. at 711.

District courts nonetheless "retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case." *Id.*; *see also Warthman v. Genoa Twp. Bd. of Trs.*, 549 F.3d 1055, 1060 (6th Cir. 2008) (finding that "*Martin* makes clear that a district court's discretion to award or deny fees under § 1447(c) involves more than an on-off switch that is solely dependent on the objective reasonableness of the removal decision," and that in deciding whether to award fees, a district court "may not simply look to whether the complaint in the case referenced federal law"). A plaintiff's request for attorney fees based upon remand therefore "must be denied if, under an 'objectively reasonable' reading of her complaint, her right to relief either arose directly under federal law or depended upon the resolution of a substantial federal question." *Id.* (citing *Martin*, 546 U.S. at 141). If a defendant's actions in removing an action were objectively unreasonable, however, no "improper

5

purpose" is necessary in order to justify a fee award under Section 1447(c).  *See Nat'l City Bank v. Aronson*, 474 F.Supp.2d 925, 929 (S.D. Ohio 2007) (Marbley, J.) (citing *Morris v. Bridgestone/Firestone, Inc.*, 985 F.2d 238, 240 (6th Cir.1993); *Taylor-Sammons v. Bath*, 398 F.Supp.2d 868, 877-78 (S.D. Ohio 2005) (Graham, J.)).

### III. DISCUSSION

In this instance, Plaintiff convincingly argues that Defendants lacked any "objectively reasonable" basis for removing her claims to federal court.  (*See* Doc. #21).  Having previously detailed the reasons why removal of Plaintiff's amended complaint to this Court was not supportable under existing law (*see* Doc. #18), the Court does not intend to reiterate the analysis which led to the prior remand order.  It nonetheless bears observing that the series of Supreme Court cases on which that remand analysis rested began with the decisions in *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152, 29 S. Ct. 42 (1908), and *Gully v. First Nat'l Bank*, 299 U.S. 109, 57 S. Ct. 196 (1936), and continued through those in *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425 (1987) and *Rivet v. Regions Bank of La.*, 522 U.S. 470, 118 S. Ct. 921 (1998).  (*See id.* at 2-3).  In addition, binding precedent within this Circuit prior to Defendants' removal clearly dictated "that for removal to be proper, a federal question must appear on the face of the complaint," *Warner v. Ford Motor Co.*, 46 F.3d 531, 535 (6th Cir. 1995), and that the party seeking removal bears the burden of establishing the propriety of removal.  *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000).  (*See id.* at 2-4), *cert. denied*, 532 U.S. 953, 121 S.Ct. 1429 (2001).

In light of the foregoing well-established legal principles, Defendants herein cannot claim that the state of the law was unclear when they filed their notice of removal, or that remand was warranted by some subsequent change in the applicable law. The fact that Plaintiff's complaint mentioned the prospect of a constitutional challenge should a limitation on damages be imposed (*see* Doc. #2 at ¶29) does not change that result. *See Warthman*, 549 F.3d at 1060 ("a district court deciding whether to award fees . . . may not simply look to whether the complaint . . . referenced federal law"). Under the standard articulated in *Martin, supra*, Plaintiff presumably may recover attorney fees unless "under an 'objectively reasonable' reading of her complaint, her right to relief either arose directly under federal law or depended upon the resolution of a substantial federal question." *Id.* at 1061 (citing *Thornton v. Sw. Detroit Hosp.*, 895 F.2d 1131, 1133 (6th Cir. 1990); *Martin*, 546 U.S. at 141). As this Court previously found, Plaintiff's complaint cannot reasonably be so read. (*See* Doc. #18). Accordingly, notwithstanding the recognition of the legitimate interest in protecting defendants' right to remove as a general matter, the Court concludes that these Defendants lacked an objectively reasonable basis for seeking removal here. *See Martin*, 546 U.S. at 140-41, 126 S. Ct. at 711. In light of that conclusion, Defendants' protest regarding their purported good faith (*see* Doc. #23 at 8) is unavailing. *See Nat'l City Bank*, 474 F.Supp.2d at 929.

The analysis, then, turns from the appropriateness of a fee award to whether the amount of fees requested by Plaintiff is adequately supported and reasonable.

Defendants appear to challenge the amount of Plaintiff's fee request in only one respect – *i.e.*, their contention that three quarter-hour increments shown as being devoted to a "Rule 26(f) meeting" on February 15, 2008, and an "Initial Pretrial Conference" and "Preparation of Disclosure of Lay Witnesses" on February 27, 2008 (*see* Doc. #31, Exh. A) were not "counterproductive" with respect to the state court action, and thus presumably should not be compensated.[6] (*See* Doc. # 23 at 5). The language appearing in Section 1447(c), however, provides no statutory basis for imposing such restrictions on the award available to a party successful in seeking remand, stating simply that "any actual expenses" (emphasis added) may be ordered reimbursed. Neither do Defendants direct the Court to any case law suggesting that a plaintiff's fee award in these circumstances must be reduced by an amount representing the degree to which some benefit from counsel's actions in federal court arguably might accrue in the state court action as well. Defendants' argument to that effect is not well taken.

The Court does take note that the invoice appended to Plaintiff's motion, while itemizing each hourly increment expended on Plaintiff's behalf, does not specifically state the regular hourly rate at which counsel is compensated. (*See* Doc. #21, Exh. A). The November 21, 2007 billing of $320.00 recorded for 2 hours time, together with the November 26, 2007 billing of $80.00 for .5 hours of time and three billings of $40.00 for .25 hours of time each on February 15 and 27, 2008 (*see id.*) all suggest a rate of $160.00

---

[6]*See* n.4, *supra*.

per hour – one that this Court would find to be fair and reasonable for counsel of comparable skill and experience in the Dayton area. Inexplicably, however, the itemized billings for November 16, 2007 (.5 hours at $112.50) and December 26, 2007 (.5 hours at $120.00) are not consistent with a $160.00 hourly figure. (*See id.*).

Given the lack of any objection from Defendants on that basis, however, and the Court's determination that Plaintiff's total request of $752.50 is not unreasonable for the professional services thus delineated, attorney fees for the "actual expenses" incurred by Plaintiff relative to the improper removal will be awarded against Defendants in the full amount of Plaintiff's request. *See* 28 U.S.C. § 1447(c).

**IT THEREFORE IS RECOMMENDED THAT:**

**1.** Plaintiff's Motion for Attorney Fees (Doc. #21) be GRANTED, and that judgment for attorney fees in the amount of $752.50 be ENTERED in favor of Plaintiff and against Defendants Germantown Cemetery, German Township Board of Trustees and Village of Germantown, Ohio, jointly and severally; and

**2.** this case remain TERMINATED on this Court's docket.


March 24, 2009
                 s/ Sharon L. Ovington
                  Sharon L. Ovington
                  United States Magistrate Judge